# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE HALL, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | NO. 10-738 |
| v. | : | |
| | : | |
| WYETH, INC., et al., | : | |
|     Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                            December 2, 2010

Presently before the Court is Defendants' Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b), to which no other party has responded.

That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. Thus, under this section, a non-final order may only be certified for interlocutory appeal if the court determines that it: (1) involves a "controlling question of law;" (2) for which there is "substantial ground for difference of opinion;" and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Each of these elements must be met for certification to issue. Mitchell v. Axcan Scandipharm, Inc., Civ. A. No. 05-243, 2006 WL 986971, at *1 (W.D. Pa. Mar. 13, 2006). Even if all of the elements are satisfied, the decision to certify an interlocutory

order for appeal under section 1292(b) "rests within the sound discretion of the trial court." L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (internal quotations omitted). The burden remains on the party seeking certification to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Id. (internal quotations omitted).

This Court finds that this matter presents an exceptional case justifying an immediate interlocutory appeal. As to the first element, the Third Circuit Court of Appeals has held that "controlling question of law" is one in which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." Katz, 496 F.2d at 755 (citations omitted). "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." Id. (citation omitted); see also 19 James W. Moore, et al., MOORE'S FEDERAL PRACTICE ¶ 203.31[3] (3d ed. 2003) (a controlling question of law is one that "has the potential of substantially accelerating disposition of the litigation").

The preemption issue here is undoubtedly a controlling question of law. If the Third Circuit were to disagree with this Court's ruling, the judgment order denying Defendants' motion to dismiss dated September 30, 2010 would be reversed and Plaintiff's remaining claim would be foreclosed. In turn, both the Court and the parties would be spared the cost and time of both engaging in pretrial practice and possibly a lengthy jury trial. As such, Defendants have satisfied the first element.

Under the second element, there is a "substantial ground for difference of opinion" about an issue when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984). In other words, "[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard." Bradburn Parent Teacher Store, Inc. v. 3M, Civ. A. No. 02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005). Conflicting and contradictory opinions can provide substantial grounds for a difference of opinion. White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994). Additionally, the absence of controlling law on a particular issue can constitute substantial grounds. Chase Manhattan Bank v. Iridium Africa Corp., 324 F. Supp. 2d 540, 545 (D. Del. 2004).

The particular question at issue in this case is whether federal law preempts Michigan law granting immunity to drug manufacturing in actions involving drugs approved by the FDA unless the Defendants engaged in fraud during the application process. As set forth in this court's opinion denying Defendants' motion to dismiss, there is a substantial ground for difference of opinion. (See pages 6 to 10 of that opinion).

Based upon the foregoing, the court finds the second element has been met.

Third, the Court must consider whether an interlocutory appeal would materially advance the termination of this litigation. This requirement is "closely tied to the requirement that the order involve a controlling question of law." 16 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3930, 423 (2d ed. 1996). "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial

would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." Patrick v. Dell Fin. Svcs., 366 B.R. 378, 387 (M.D. Pa. 2007). On the other hand, "'[w]here discovery is complete and the case is ready for trial an interlocutory appeal can hardly advance the ultimate termination of the litigation." Id. (quoting Bradburn, 2005 WL 1819969, at *4).

As Defendants state in their uncontested brief:

> Here, proceedings in this case have barely begun, and the parties have not commenced any discovery or trial preparation. And a reversal of this Court's order by the Third Circuit would put an immediate end to the litigation; if the exception in the Michigan statute is preempted by federal law, defendants are immune from liability absent an explicit finding by the FDA that defendants engaged in fraud or bribery. *See Garcia*, 385 F.3d at 966. Because plaintiff has not even attempted to allege (nor could she) that the FDA made any finding that defendants engaged in fraud or bribery, a finding of preemption would result in the dismissal of plaintiff's claims and entry of judgment in defendants' favor. This case would go from barely begun to completely concluded, with no need for years of burdensome discovery, costly litigation expenses, or a wasted trial.

Thus, the third element for certification is satisfied.

While the Court is wary of permitting piecemeal litigation, we find the present issue to involve a controlling question of law about which there is a substantial difference of opinion, the appeal of which will materially advance this litigation. Accordingly, we grant the certificate of appealability.

An appropriate order follows.